Sean B. Berberian (#020775)
**WHITE BERBERIAN PLC**
60 E. Rio Salado Parkway, Suite 900
Tempe, Arizona 85281
Tel: (480) 366-5933
Fax: (480) 718-8368
Email: sberberian@wbazlaw.com

Attorneys for Creditors Aberdeen Animal Hospital, P.C., Thom Myers, and Kristy Myers

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| In re<br><br>MAXART ANIMAL HEALTH, INC.,<br><br>    Debtor<br><br>AMKIM, LLC<br><br>    Debtor | Case No. 08-00993-GBN<br>Case No. 09-01587-GBN<br>(Jointly Administered)<br>Chapter 11<br><br>**RESPONSE TO OBJECTION TO SECURED PROOF OF CLAIM NUMBER 12**<br><br>(Assigned to the Honorable George B. Nielsen Jr.) |

    Aberdeen Animal Hospital, P.C., Thom Myers, and Kristy Myers (collectively, "Aberdeen Animal Hospital" or "Aberdeen"), by and through counsel, respond to Debtor's Objection to the Secured Proof of Claim Number 12 in the amount of $698,348.59, filed April 29, 2008. Aberdeen Animal Hospital is a legitimately secured creditor, and $698,348.59 is owed by Debtor through its secured claim.

    Aberdeen was the previous owner of the veterinary clinic known as Aberdeen Animal Hospital. Aberdeen sold the entire business to Maxart Animal Health, Inc. ("Maxart" or "Debtor") on September 15, 2004 for $800,000, with the entire balance secured by a promissory note, security agreement, UCC Financing Statement, and Personal Guarantee.

To not recognize Aberdeen as a secured creditor would be contrary to the purpose of bankruptcy law and work a compete injustice, depriving Aberdeen's owners—Dr. Thom Myers and his wife Kristy Myers—of their retirement money. The secured transaction was properly documented and perfected, and if there is any imperfection in the transaction, it was the result of Debtor's fraud or unconscionable conduct.

**I.    Aberdeen Animal Hospital is a Secured Creditor.**

**A. Aberdeen is Properly Secured by the Security Agreement and UCC Financing Statement.**

On April 29, 2008, Aberdeen Animal Hospital timely filed its secured claim for $698,348.59. Aberdeen Animal Hospital properly filed its Proof of Claim, along with proper supporting documentation attached as exhibits. See Proof of Claim, Exhibit A. The Proof of Claim attachments include the applicable Loan Servicing Report, Asset Purchase Agreement, Promissory Note, and Security Agreement. *Id.*

The filing of the UCC Financing Statement was the responsibility of Debtor to file. And, as far as Aberdeen is aware, the UCC Financing Statement was filed by Debtor. The Asset Purchase Agreement expressly states and incorporates the Promissory Note as its Exhibit 3, the Security Agreement as its Exhibit 4A, *the UCC Financing Statement as Exhibit 4B*, and the Personal Guarantee of Carl Twentier and Patricia Twentier as its Exhibit 5. See Asset Purchase Agreement, Paragraph C, Exhibit A hereto. Attached as Exhibit B hereto is the UCC Financing Statement purportedly filed by Debtor on or about September 15, 2004. This is the Financing Statement provided by Debtor.

All of the documents of the sale demonstrate the clear intent that a UCC Financing Statement was drafted, included in the transaction, and was to be filed by Debtor. The Promissory Note, at ¶ 2, states that it is "secured by a Security Agreement, the UCC-1 Financing Statement of even date over the assets . . . ." Exhibit A. The Security Agreement, at ¶ 3.A., states that *Debtor*, at Secured Party's request, will "give, execute, deliver, *file* and/or record any notice, statement, instrument, document, agreement, or other papers that the Secured Party may reasonably request in order to create, preserve, perfect, or validate any security interest granted pursuant hereto . . . ." *Id.*

And Debtor unequivocally agreed at signing that it would file the UCC Financing Statement. Declaration of Thom Myers, Exhibit C. Aberdeen sold its business to Debtor on September 15, 2004. Debtor was represented by counsel, Ronald W. Carmichael, in the entire

2

Case 2:08-bk-00993-GBN    Doc 156    Filed 08/10/09    Entered 08/10/09 17:14:39    Desc
Main Document    Page 2 of 5

transaction. Aberdeen was not represented during most of the transaction; they only hired counsel to review the final documents and not participate in negotiations or in the finalization or closing of the transaction. In the closing of the transaction, Debtor and his counsel were present and Aberdeen was unrepresented. All of the documents were signed. Debtor's counsel clearly represented that he was immediately having the UCC Financing Statement filed. Aberdeen believed that the UCC Financing Statement was in fact filed. And Debtor's counsel provided a copy of the UCC Financing Statement to Aberdeen. Exhibit B.

### B. Aberdeen is Properly Secured Because a Constructive Trust Should be Recognized Over the Assets of the Sale, Due to Debtor's Fraudulent and/or Unconscionable Conduct.

Debtor stated that it cannot find the original UCC Financing Statement in the Secretary of State's database. Since Aberdeen was notified of this issue just this year, it also could not find the original UCC Financing Statement in that database. Out of an abundance of Caution, after discovering the document missing from the database earlier this year, Aberdeen filed another UCC Financing Statement on June 17, 2009. Exhibit D.

There are two possible scenarios that transpired here, neither of which should be held against Aberdeen: 1) Debtor (or its counsel) misfiled the original UCC Financing Statement on or around September 15, 2004; or 2) Debtor never filed the Financing Statement, even though it represented that it would or that it already had filed it. If the first case is true, the security interest was perfected. If the second case is true, a constructive trust should be recognized and the assets at issue should escape the control of the estate or Aberdeen should be recognized as a secured creditor within the estate.

Property that a debtor holds in trust does not become property of the estate. 11 U.S.C. § 541(d); *In re Sale Guar. Corp.*, 220 B.R. 660, 663-65 (9th Cir 1998) (finding resulting trust under California law); *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir.1985) (recognizing estate can be deprived of assets that are subject to a constructive trust), *cert. denied sub nom.*, 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986). Whether a debtor holds property in trust is governed by state law. *Id.*

Arizona law permits the imposition of a constructive trust "whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress, or through any other means which render it unconscionable for the holder of legal title to retain and enjoy its beneficial interest." *In re North American Coin & Currency, Ltd.*, 767 F.2d at 1575 (citation removed). "In permitting the imposition of a constructive trust for

3

actions amounting to actual fraud, Arizona law is not inconsistent with federal bankruptcy law." Id. at 1575-76.

Debtor had the duty to file the UCC Financing Statement. A fundamental part of the sale transaction was a secured sale, *because Debtor was financing the entire purchase price.* Accordingly, the perfection of security was a key component to this deal—the Security Agreement and the UCC Financing Statement. Debtor's counsel represented that he would file the Financing Statement. And Aberdeen relied upon these representations to its detriment.

Allowing Debtor to escape this secured debt would work an injustice against Aberdeen, and its owners, Dr. Myers and his wife. The assets subject to the transaction should be excluded from the estate based on the fraud and/or unconscionable conduct of Debtor, or at the very least Aberdeen should be recognized as a secured creditor in this estate.

## II. The Total of Aberdeen Animal Hospital's Secured Claim is Correct.

The attachments to Aberdeen Animal Hospital's Proof of Claim include the Account Details and Account Transactions Report from Canyon State Servicing, which is the servicing agent for the loan—as also recognized by the Debtor. Exhibit A. The Report shows that as of December 2007, the total outstanding principle was $692,467.27. Debtor failed to make the January 2008 payment—thereby breaching the Promissory Note and triggering the 10% default interest rate, pursuant to Paragraph 3 of the Promissory Note. Exhibit A. By the time Debtor filed bankruptcy on February 1, 2008, an additional $5881.32 in interest had accrued from January 2008. Therefore, the total due to Creditor at the time of filing was $692,467.27.

RESPECTFULLY SUBMITTED this 10th day of August, 2009.

**WHITE BERBERIAN PLC**

By: /s/ Sean B. Berberian
Sean B. Berberian
60 E. Rio Salado Parkway, Suite 900
Tempe, Arizona 85281

Attorneys for Creditors Aberdeen
Animal Hospital, P.C., Thom Myers,
and Kristy Myers

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in the case.

I hereby certify that on August 10, 2009, I mailed a copy of the attached document to:

Allan D. NewDelman
80 E. Columbus Avenue
Phoenix, Arizona 85012
Attorney for Debtor

Patty Chan
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Tamalyn E. Lewis
201 North Central Avenue, Suite 330
Pheonix, Arizona 85004
Attorneys for Coady Enterprises, Inc.

/s/ Sean B. Berberian