Tamalyn E. Lewis, SBN 009752
Geoffrey M. Khotim, SBN 019513
RIDENOUR, HIENTON & LEWIS, P.L.L.C.
201 North Central Avenue, Suite 3300
Phoenix, Arizona 85004
Phone: (602) 254-9900
Fax: (602) 254-8670
E-Mail: telewis@rhkl-law.com
E-Mail: gmkhotim@rhkl-law.com

Attorneys for Coady Enterprises, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| In re: | Case No. 08-00993-GBN |
| MAXART ANIMAL HEALTH, INC. | Chapter 11 |
| Debtor. | **COADY ENTERPRISES, INC.'S OBJECTION TO JOINT DISCLOSURE STATEMENT** |
| AMKIM, LLC, | |
| Debtor | **Date: September 1, 2009**<br>**Time: 9:30 a.m.**<br>**Place: 7th Floor, Courtroom 702**<br>**Phoenix, AZ** |

Coady Enterprises, Inc. ("Coady"), by and through undersigned counsel, hereby objects to the Debtors' Joint Disclosure Statement (the "Disclosure Statement"), because the Debtors should be required to disclose additional relevant information in order to provide "adequate information" as required by 11 U.S.C. § 1125.

///

///

### Disclosure Statement Objections Relating to Inadequate Information

The following are examples of inadequate information with respect to the Disclosure Statement:

a. First, Coady disputes the characterization of the statements made by the Debtors with regard to Bark Ave., Pet Food Depot, and Coady Enterprises and requests that the Debtors be required to include such a statement in any approved disclosure statement.

b. Section <u>XII Means of Execution/Projection</u> in the Disclosure Statement fails to disclose exactly how the Debtors intend to market and sell their business and commercial property, other than to say it will be sold or liquidated by **2013**. In addition, the Debtors fail to place a value on the assets they wish to sell or to liquidate, thus leaving creditors in each estate without any idea of the amount of anticipated recovery for purposes of any meaningful Chapter 7 analysis.

c. The discussion on payment of Administrative Claims, <u>IX. Summary of the Plan of Reorganization,</u> is dubious at best. Exactly how are the Administrative Claims of Coady ($212,000) and IRS ($327,000) to be paid?

d. Upon review of the Disclosure Statement, there is no discussion whatsoever of possible causes of action held by these estates. Coady is aware of at least one cause of action Maxart Animal Health, Inc. holds against Thom and Kristie Myers for payments made to this creditor both pre- and post-petition. This is relevant information as this is an asset of the estate available to pay creditors.

e. In Section <u>XI. Executory Contracts,</u> the Debtors indicate that Maxart Animal Health, Inc. will continue leasing from Amkim, LLC the facility owned by Amkim, LLC on a

308856-GMK-14445-0006

2

"month to month basis." As this is one plan proponent leasing to the other plan proponent, the exact terms of this month-to-month arrangement should be disclosed, as well as payments made during the course of the bankruptcy cases.

  f. Finally, the Debtor has agreed that Coady has an allowed, unsecured claim of $20,000 for use of Coady's personal property pre-petition. This claim is not disputed and the Disclosure Statement should be amended to reflect same. In addition, Coady's application for allowance of its administrative claim and the balance of its unsecured claims should be resolved within the near future as these matters are set for hearing on August 31st.

## **Legal Argument**

The Disclosure Statement lacks "adequate information" as required under Section 1125 of the Bankruptcy Code. At a minimum, a disclosure statement should clearly and succinctly inform creditors what they are going to get, when payments are to be received, and what contingencies exist to such a proposed distribution. In re Ferratti, 128 B.R. 16 (Bankr. D.N.H. 1991). The determination of whether the disclosure statement has adequate information is made on a case-by-case basis and is largely within the discretion of the bankruptcy court. A.H. Robins Co., 880 F.2d 694, 696 (4th Cir. 1989).

WHEREFORE, Coady respectfully requests that this Court require the Debtors to supplement the Joint Disclosure Statement to address the information deemed inadequate by Coady.

/ / /

/ / /

308856-GMK-14445-0006

3
Case 2:08-bk-00993-GBN Doc 168 Filed 08/24/09 Entered 08/24/09 16:16:07 Desc
Main Document Page 3 of 4

| | |
|---|---|
| 1 | DATED this 24th day of August, 2009. |
| 2 | RIDENOUR, HIENTON & LEWIS, P.L.L.C. |
| 3 | |
| 4 | By: /s/ Tamalyn E. Lewis, SBN 009752 |
| | Tamalyn E. Lewis |
| 5 | Geoffrey M. Khotim |
| | 201 North Central Avenue, Suite 3300 |
| 6 | Phoenix, Arizona 85004 |
| | Attorneys for Coady Enterprises, Inc. |

COPY of the foregoing mailed this 24th day of August, 2009, to:

Maxart Animal Health, Inc.
2320 West Holly Street
Phoenix, AZ 85009

Allan D. NewDelman
Allan D. NewDelman, P.C.
80 E.. Columbus Ave
Phoenix, AZ 85012
Attorneys for Debtor

Amkim, L.L.C.
2320 West Holly Street
Phoenix, AZ 85009

Aryeh D. Schwartz
Schwartz Law Firm, P.L.L.C.
201 N. Central Ave., 33rd Floor
Phoenix, AZ 85004

Elizabeth C. Amorosi, Esq.
Patty Chan, Esq.
Office of the U. S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003


/s/ Margo Martin

308856-GMK-14445-0006